**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MICHAEL G. COVINGTON,

        Petitioner,                      Case Number: 03-CV-71518

v.                                            HONORABLE GERALD E. ROSEN

PAUL RENICO,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S
MOTION FOR CERTIFICATE OF APPEALABILITY**

      Petitioner Michael G. Covington filed a *pro se* petition for a writ of habeas corpus. On November 30, 2005, the Court issued an Opinion and Order Denying Petition for Writ of Habeas Corpus. Petitioner has filed a Motion for Certificate of Appealability. He seeks issuance of a certificate of appealability with respect only to his claim that his habitual offender fourth conviction violates due process because he did not receive adequate notice of the habitual offender enhancement. Because the Court concludes that jurists of reason would not debate this Court's assessment of this claim, the Court declines to issue a certificate of appealability.

      Before Petitioner can appeal the Court's decision, a certificate of appealability under 28 U.S.C. § § 2254(c)(1)(A) and Fed. R. App. P. 22(b) must issue. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing

threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where the petition is dismissed on procedural grounds, the petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Id. (quoting Barefoot v. Estelle, 463 U.S. 890, 898 n.4 (1983)).

Petitioner presented six claims in his habeas corpus petition, but seeks a certificate of appealability with respect only to his fifth claim for habeas corpus relief: that his habitual offender fourth conviction violates due process because he did not receive adequate notice of the habitual offender enhancement. The trial court held that the prosecutor properly and timely filed a Fourth Offense Notice stating that Petitioner was subject to the penalties provided in the habitual offender statute, Mich. Comp. Laws § 769.13. On habeas review, a federal court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1). Petitioner failed to show that the state court's factual finding that the prosecutor properly and timely filed the Fourth Offense Notice was incorrect or clearly erroneous. Therefore, the Court held that Petitioner's claim that he was denied due process was meritless.

The Court finds that jurists of reason would not find the Court's assessment of this claim to be debatable or wrong. See Slack, 120 S. Ct. at 1604. Therefore, Petitioner has failed to show that he is entitled to a certificate of appealability.

2

Accordingly, **IT IS ORDERED** that Petitioner's Motion for Certificate of Appealability is **DENIED**.

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: January 13, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 13, 2006, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager